THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| NICOLE M. ROWDON, | : | CIVIL ACTION |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| KILOLO KIJAKAZI, | : | |
| Acting Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant | : | NO. 20-4475 |

## MEMORANDUM

CAROL SANDRA MOORE WELLS
UNITED STATES MAGISTRATE JUDGE                                         March 31, 2023

Nicole Rowdon ("Plaintiff") seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the

Social Security Administration Commissioner's ("the Commissioner") final decision, denying her

claim for Disability Insurance Benefits (DIB) under Title II of the Social Security Act.  Plaintiff

filed a brief supporting her request for review, the Commissioner responded to it, and Plaintiff

filed a reply.  For the reasons set forth below, Plaintiff's Request for Review will be granted, and

Judgment will be entered in Plaintiff's favor and against Defendant.

### I.       PROCEDURAL HISTORY[1]

On June 20, 2018, Plaintiff applied for DIB, alleging disability, beginning April 9, 2012,

due to spinal disorders and diabetes mellitus with neuropathy.  R. at 13.  The Social Security

Administration (SSA) initially denied Plaintiff's claim on August 31, 2018, so Plaintiff requested

a hearing.  *Id.* at 11.  On June 14, 2019, Plaintiff appeared before Administrative Law Judge

Jennifer Lash ("the ALJ") for that administrative hearing.  *Id.* at 52.  Plaintiff, represented by an

---

[1]  This court has reviewed and considered the following documents in analyzing this case: Plaintiff's Brief and Statement of Issues in Support of Request for Review ("Pl.'s Br."), Defendant's Response to Request for Review of Plaintiff ("Def.'s Resp."), Plaintiff's Reply Brief ("Pl.'s Reply"), and the administrative record ("R.").

attorney, and vocational expert, Christina Carroza Slusarski ("the VE"), testified at the hearing. *Id.* at 50-52. On August 22, 2019, the ALJ, using the sequential evaluation process for disability,[2] issued an unfavorable decision. *Id.* at 19. The Appeals Council denied Plaintiff's request for review on July 10, 2020, making the ALJ's findings the Commissioner's final determination. *Id.* at 1. Plaintiff sought judicial review from the court on September 12, 2020. Both parties consented to the undersigned's jurisdiction pursuant to 28 U.S.C. § 636(c)(1).

## II.      FACTUAL BACKGROUND

A.      Plaintiff's Personal History

Plaintiff, born on April 5, 1973, R. at 16, was 46 years old when the ALJ rendered her decision. R. at 19. She graduated from high school in 1992 and married in 2008. *Id.* at 33-34. She resides with her husband and her minor daughter. *Id.* at 35. Plaintiff, who has previous relevant work experience as a general manager at the liquor control board, *id.* at 35, last worked in 2012. *Id.* at 34-35.

---

[2]  The Social Security Regulations provide the following five-step sequential evaluation for determining whether or not an adult claimant is disabled:

> 1. If the claimant is working, doing substantial gainful activity, a finding of not disabled is directed. Otherwise proceed to Step 2. *See* 20 C.F.R. § 404.1520(b).
>
> 2. If the claimant is found not to have a severe impairment which significantly limits his physical or mental ability to do basic work activity, a finding of not disabled is directed. Otherwise proceed to Step 3. *See* 20 C.F.R. § 404.1520(c).
>
> 3. If the claimant's impairment meets or equals criteria for a listed impairment or impairments in Appendix 1 of Subpart P of Part 404 of 20 C.F.R., a finding of disabled is directed. Otherwise proceed to Step 4. *See* 20 C.F.R. § 404.1520(d).
>
> 4. If the claimant retains the residual functional capacity to perform past relevant work, a finding of not disabled is directed. Otherwise proceed to Step 5. *See* 20 C.F.R. § 404.1520(f).
>
> 5. The Commissioner will determine whether, given the claimant's residual functional capacity, age, education, and past work experience, in conjunction with criteria listed in Appendix 2, he is or is not disabled. *See* 20 C.F.R. § 404.1520(g).

B.      Plaintiff's Testimony

At the June 14, 2019 hearing, Plaintiff testified regarding limitations that she alleges result from physical impairments and prevent full-time employment.  R. at 77.  Plaintiff stated that, after a miscarriage in March 2012, she returned to work the following month.  *Id.*  However, her "whole right leg just collapsed" upon her return.  *Id.*  After an exam, her doctor determined that her "spine was completely ruptured at the base."  *Id.*  Plaintiff testified to having surgery, in October 2012, after which she experienced some pain relief for approximately one year.  *Id.* at 39.  Thereafter, she began to suffer ongoing neck pain, for which she received trigger injections.  *Id.*  In April 2019, Plaintiff received corrective surgery that included a lumbar laminectomy, with a new fusion.  *Id.* at 40.

C.      Vocational Expert's Testimony

The ALJ asked the VE to classify Plaintiff's past work.  R. at 50.  The VE responded, that Plaintiff's past position as a retail store manager, typically is a skilled[3] position performed at a light[4] level of exertion.  *Id.*  However, based on Plaintiff's file, the VE characterized her past job's exertional level, as performed, as heavy.[5]  *Id.*  The ALJ did not pose any hypothetical questions to the VE.  *Id.*

---

[3]  "Skilled work requires qualifications in which a person uses judgment to determine the machine and manual operations to be performed in order to obtain the proper form, quality, or quantity of material to be produced.  Skilled work may require laying out work, estimating quality, determining the suitability and needed quantities of materials, making precise measurements, reading blueprints or other specifications, or making necessary computations or mechanical adjustments to control or regulate the work.  Other skilled jobs may require dealing with people, facts, or figures or abstract ideas at a high level of complexity."  20 C.F.R. § 404.1568(c).

[4]  "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds.  Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls.  To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities.  If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time."  20 C.F.R. § 404.1567(b).

[5]  "Heavy work involves lifting no more than 100 pounds at a time with frequent lifting or carrying of objects weighing up to 50 pounds.  If someone can do heavy work, we determine that he or she can also do medium, light, and sedentary work."  20 C.F.R. § 404.1567(d).

### III.    THE ALJ's FINDINGS

In her decision, the ALJ issued the following findings:

1. [Plaintiff] last met the insured status requirements of the Social Security Act on December 31, 2017.

2. [Plaintiff] did not engage in substantial gainful activity during the period from her alleged onset date of April 9, 2012 through her date last insured of December 31, 2017 (20 CFR 404.1571 *et seq.*).

3. Through the date last insured, [Plaintiff] had the following severe impairments: disorders of the spine and diabetes mellitus with neuropathy (20 CFR 404.1520(c)).

4. Through the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526).

5. After careful consideration of the entire record, [the undersigned] find[s] that, through the date last insured, [Plaintiff] had the residual functional capacity to perform the full range of sedentary work as defined in 20 CFR 404.1567(a).

6. Through the date last insured, [Plaintiff] was unable to perform any past relevant work (20 CFR 404.1565).

7. [Plaintiff] was born on April 5, 1973 and was 44 years old, which is defined as a younger individual age 18-44, on the date last insured (20 CFR 404.1563).

8. [Plaintiff] has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of job is not material to the determination of disability, because applying the Medical-Vocational Rules directly supports a finding of "not disabled," whether or not [Plaintiff has transferrable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Through the date last insured, considering [Plaintiff]'s age, education, work experience, and residual functional

capacity, there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed (20 CFR 404.1569 and 404.1569a).

11. [Plaintiff] was not under a disability, as defined in the Social Security Act, at any time from April 9, 2012, the alleged onset date, through December 31, 2017, the date last insured (20 CFR 404.1420 (g)).

R. at 13, 15, 18-19.

## IV.   DISCUSSION

A.   <u>Standard of Review</u>

Judicial review of the Commissioner's final decision is as follows.  The Commissioner's findings of fact will not be disturbed if substantial evidence supports them.  *Poulos v. Comm'r of Soc. Sec.*, 474 F.3d 88, 91 (3d Cir. 2007); *Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999).  Substantial evidence is not "a large or considerable amount of evidence, but rather 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"  *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  While it is more than a mere scintilla of evidence, *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019), it may amount to less than an evidentiary preponderance.  *Fargnoli v. Halter*, 247 F.3d 34, 38 (3d Cir. 2001); *Brown v. Bowen*, 845 F.2d 1211, 1213 (3d Cir. 1988).

Overall, this test is deferential to the ALJ.  *Monsour Med. Ctr. v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986), *cert. denied*, 482 U.S. 905 (1987).  The court should affirm the ALJ's findings of fact that are supported by substantial evidence, even when the court, acting *de novo*, might have reached a different conclusion.  *Id.*  Indeed, the court may not undertake a *de novo* review of the Commissioner's decision by reweighing the record evidence itself.  *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011); *Rutherford v. Barnhart*, 399 F.3d 546, 552

(3d Cir. 2005); *Monsour Med. Ctr.*, 806 F.2d at 1190-91.  Nor is the court permitted to "impose [its] own factual determinations." *Chandler*, 667 F.3d at 359.  *See Burns v. Barnhart*, 312 F.3d 113, 118 (3d Cir. 2002) ("We also have made clear that we are not permitted to weigh the evidence or substitute our own conclusions for that of the fact-finder.").  By contrast, the Commissioner's legal conclusions are subject to *de novo* review.  *Poulos*, 474 F.3d at 91; *Schaudeck*, 181 F.3d at 431.

B.      Burden of Proof in Disability Proceedings

To be found "disabled" under the Act, Plaintiff must carry the initial burden of demonstrating that he cannot engage in "any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505(a).  Plaintiff may establish a disability through: (1) medical evidence meeting one or more serious impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1; or (2) proof that the impairment is severe enough that Plaintiff cannot engage in any type of "substantial gainful work which exists in the national economy."  *Heckler v. Campbell*, 461 U.S. 458, 460 (1983); 42 U.S.C. § 423(d)(2)(A).

Under the first method, Plaintiff is considered *per se* disabled by meeting one of the "listed" impairments.  *Heckler*, 461 U.S. at 460.  Under the second method, Plaintiff must initially demonstrate that a medically determinable impairment prevents returning to their past employment.  *See Brown*, 845 F.2d at 1214.  If Plaintiff proves that the impairment results in functional limitations to performing their past relevant work, then the burden of proof shifts to the Commissioner to prove that work exists in the national economy, which Plaintiff can perform given their age, education, work experience, and residual functional capacity.  *See Poulos,* 474

F.3d at 92; *Mason v. Shalala*, 994 F.2d 1058, 1064 (3d Cir. 1993).

C.      Review of the Administrative Law Judge's Decision

Although Plaintiff could not perform her past relevant work as a retail store manager, the ALJ found that Plaintiff could perform other sedentary work, based on the application of the Medical-Vocational guidelines. *Id.* at 18.

In her brief, Plaintiff argues that: (1) the ALJ failed to consider medical evidence that post-dates Plaintiff's date last insured (DLI); (2) the ALJ failed to include all of her determinable limitations in the RFC; (3) the ALJ erred in not obtaining vocational evidence concerning her RFC when she had non-exertional impairments; (4) the ALJ failed to credit the opinion of Plaintiff's treating physician without identifying the alleged inconsistency of the report with the records; and (5) the ALJ erred in her treatment of the certified functional capacity evaluator. Pl.'s Br. at 3-4. The Commissioner counters with the following arguments: (1) the ALJ correctly considered all evidence within the limited relevant period before properly assessing Plaintiff's RFC within the limited period; (2) Plaintiff does not provide adequate evidence supporting work-related limitations due to her anxiety and allergies; (3) Plaintiff fails to identify evidence undermining the ALJ's finding that her impairments imposed only exertional limitations; (4) the ALJ adequately articulated his reasoning, and (5) the ALJ did not fail to consider the certified functional capacity evaluation. Def.'s Resp. at 3, 6, 7, 9, 12. The court addresses each of Plaintiff's arguments and ultimately finds that the ALJ erred in her consideration of Plaintiff's non-exertional limitations, an error requiring remand for further consideration.

1.      The ALJ Did Not Err in Her Treatment of Evidence Beyond the Date Last Insured

Plaintiff first argues that the ALJ failed to consider medical evidence post-dating Plaintiff's date last insured. Pl.'s Br. at 4. Specifically, Plaintiff alleges the ALJ ignored evidence that her

low back problems worsened following her date last insured, violating Social Security Ruling (SSR) 18-1.  *Id.* at 4-5, 22.  Plaintiff's reliance on SSR 18-1 is misplaced, and this court will not remand on this basis.

SSR-18 addresses how an ALJ can find the established onset date (EOD) to occur in a previously adjudicated period.  The rule explains that, while the ALJ may determine the EOD to be in a previously adjudicated period, there are three prerequisites: (1) Plaintiff must meet the rules for reopening[6]; (2) Plaintiff must meet "the statutory definition of disability and the applicable non-medical requirements during the previously adjudicated period"; and (3) Plaintiff must meet the "applicable non-medical requirements during the previously adjudicated period."  SSR 18-1p, 2018 SSR LEXIS 2, at *20.  Reopening remains within the ALJ's discretion.  *Id.* at 21. Moreover, the ALJ will not consider whether Plaintiff first met the statutory definition of disability on a date beyond the period under consideration.  *Id.* at 12-13.

In this case, the issue is not whether the ALJ could find the EOD occurred in a previously adjudicated period.  Instead, Plaintiff attempts to use evidence that post-dates the DLI to prove she was disabled during the relevant period (not in the previously adjudicated period). Since the evidence Plaintiff puts forward could only be used to establish disability outside the relevant fifteen-month period under consideration, Plaintiff's reliance on SSR 18-1 is misplaced. *See* SSR 18-1, 2018 SSR LEXIS 2, at *1 (stating that "some claimants who meet the definition of disability may not be entitled to benefits under title II").  Therefore, this court cannot remand on this basis.

   2.  The ALJ Did Not Address All of Plaintiff's Possible Non-Exertional Limitations

Plaintiff's second argument concerns the ALJ's alleged failure to include all of her

---

[6] *See* 20 CFR §§ 404.988, 404.989.

determinable limitations in the RFC evaluation, specifically her anxiety and allergies.  Pl.'s Br. at

This court agrees to the extent that the ALJ failed to consider Plaintiff's allergies.

The ALJ stated that in formulating the RFC, she considered and included all "appropriate exertional and nonexertional limitations."  R. at 14.  However, the ALJ erroneously failed to consider Plaintiff's allergies.[7]  Plaintiff's arguments concerning her allergies improperly focus entirely on the diagnosis of those impairments, rather than on any resulting work limitations; however, in this instance, Plaintiff's failure does not render the ALJ's error harmless. *See, e.g., Phillips v. Barnhart*, 91 F. App'x 775, 780 (3d Cir. 2004) (non-precedential) ("[Plaintiff's] argument incorrectly focuses on the diagnosis of an impairment rather than the functional limitations that result from that impairment.").  This is because, at each step of the sequential evaluation process, the ALJ must consider the combined effect of all of Plaintiff's physical and mental impairments, without regard to whether any single impairment, if considered separately, would be of sufficient severity to proceed to the next step.  20 C.F.R. § 404.1523(c).

Here, there existed evidence in the record of Plaintiff's allergies. *Id.* at 329, 347, 378, 396. While the ALJ cited Plaintiff's other medically determined, non-severe impairments—each of which she found did not more than minimally affect Plaintiff's ability to perform basic work activities—the ALJ does not include or address Plaintiff's allergies in the RFC. *Id.* at 13-14. Therefore, remand is required for the ALJ to consider whether Plaintiff's allergies present a non-exertional limitation.  If they do, then it would be improper for the ALJ to rely on the grid rules[8] rather than vocational expert testimony. *See Sykes v. Apfel*, 228 F.3d 259, 267 (3d Cir. 2000)

---

[7] Contrary to Plaintiff's assertion, the ALJ adequately addressed her anxiety by stating explicitly that she considered it singularly and in combination with her depression.  R. at 14.  Ultimately, the ALJ expressly found that Plaintiff's anxiety caused no more than a "minimal limitation in [Plaintiff's] ability to perform basic mental work activities before the date last insured and were therefore nonsevere." *Id.*

[8] "Grids" refers to the Medical-Vocational Guidelines. *See* 20 C.F.R. Pt. 404, Subpart P, App. 2.

("[T]he grids cannot automatically establish that there are jobs in the national economy when a claimant has severe exertional and nonexertional impairments.").

### 3.   The ALJ Erred by Not Obtaining Vocational Evidence

Plaintiff next argues that the ALJ erred by failing to obtain vocational evidence concerning her RFC because she had non-exertional impairments, citing her diagnosed depression, anxiety, and allergies.  Pl.'s Br. at 16.  This court agrees.[9]

At step five, the Commissioner bears the burden to prove that jobs in the national economy, that Plaintiff can perform, exist in significant numbers.  *Ramirez v. Barnhart*, 372 F.3d 546, 551 (3d Cir. 2004).  The Commissioner may only rely on medical-vocational guidelines (or grids) when making a step-five finding for a claimant with certain exertional limitations.  *Sykes*, 228 F.3d at 263-64 (citing *Heckler*, 461 U.S. at 467).  *Sykes* limited how the Commissioner could use the grids to deny disability when a claimant suffered from non-exertional and exertional limitations, reasoning that the grids only dealt with exertional limitations.  *Id.* at 270.  In the absence of fact-finding in SSRs or regulations dealing with specific non-exertional limitations and their limiting effect on the national economy's available jobs, the court required individualized fact-finding by the ALJ, based on substantial evidence—for example, VE testimony.  *Id.*

In the present case, the ALJ considered Grid Rule 204.00 at step five, but did not obtain vocational expert testimony before concluding that Plaintiff was not disabled.[10]  R. at 19.  While the ALJ found Plaintiff's depression imposed less than a mild limitation, R. at 15, she nonetheless

---

[9]  The court notes that the error addressed is misarticulated by Plaintiff.  That is, the VE is not needed to testify about Plaintiff's RFC.  Rather, based on the RFC, which includes non-exertional limitations, the VE identifies jobs in the national economy that the hypothetical person can perform.  The VE testimony is needed at step five, not when the RFC is evaluated (which occurs between the third and fourth steps).

[10]  Although a VE was present at the June 14, 2019, hearing, the ALJ did not take the opportunity to obtain vocational evidence by posing hypotheticals to the VE.  R. at 50.

utilized the grids, which do not consider such non-exertional limitations.  *Sykes*, 228 F.3d at 267.

This was error.

   4.  <u>The ALJ Was Not Required to Consider the Evidence Provided by Dr. Murphy and Mr. Feder</u>

   Plaintiff's fourth and fifth arguments fault the ALJ for her treatment of opinion evidence provided by Plaintiff's treating physician, Dr. William Murphy, M.D., and Mr. Michael Ferder, a certified functional capacity evaluator.  Pl.'s Br. at 18, 26.  Since both opinions were written in December 2018, this court refers to its prior discussion of evidence that post-dates the date last insured.  The court, therefore, determines that remand is unwarranted on the basis that the ALJ allegedly failed to treat the opinion evidence of Dr. Murphy and Mr. Ferder appropriately.

## V.   CONCLUSION

   A thorough review of the relevant law and the record indicates that the ALJ's failure to address all of Plaintiff's possible non-exertional limitations resulted in a legally flawed final decision and, hence, is unsupported by substantial evidence.  Accordingly, the Request for Review is granted.  An implementing Order and Order of Judgment follow.